# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMELA A. HEWITT,

    Appellant,

      v.

OFFICE OF PERSONNEL
 MANAGEMENT,

    Agency.

DOCKET NUMBER
DE-0845-16-0051-I-1

DATE: September 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Pamela A. Hewitt</u>, Hot Springs, South Dakota, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that she was overpaid in Federal Employees' Retirement System (FERS) annuity benefits. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order,[2] we AFFIRM the initial decision.

¶2 The appellant appealed OPM's September 25, 2015 reconsideration decision finding that she was overpaid $4,728 in FERS annuity benefits. Initial Appeal File (IAF), Tab 1 at 4, Tab 9 at 6-8. The appellant elected early retirement under FERS on January 31, 2007. IAF, Tab 1 at 4. She then accepted a position as a reemployed annuitant with her former employing agency, the Department of Veterans Affairs, serving in that capacity between May 13, 2007, and December 17, 2010. IAF, Tab 1 at 4, Tab 10. On July 23, 2010, the appellant reached the minimum retirement age of 56, and OPM started paying her an annuity supplement of $630 per month effective August 1, 2010.[3] IAF, Tab 9 at 42.

---

[2] We have modified the initial decision to clarify the Board's basis for exercising jurisdiction over this appeal.

[3] The annuity supplement of $630 per month represents what the appellant would have received for the portion of her Social Security benefits attributable to her creditable FERS civilian service had she been eligible to receive Social Security benefits when she retired. IAF, Tab 9 at 42; *see* 5 C.F.R. § 842.504.

¶3          OPM reduced the appellant's annuity supplement to $236 per month after receiving information about her 2010 earnings from the Social Security Administration (SSA), which showed her W-2 earnings for that year as $53,795. IAF, Tab 13 at 4, 6.  Her earnings exceeded $14,160, the amount she would have been allowed to earn for Social Security purposes during that year.  *Id.* at 4. OPM thus found that her annuity supplement from July 1, 2011, through June 30, 2012, was too high and calculated her overpayment as $4,728.  IAF, Tab 9 at 23-29.  The appellant asked for reconsideration, and OPM affirmed its decision.  *Id.* at 21-22.  She appealed.  IAF, Tab 1.  The administrative judge found that the appellant had been entitled to receive an annuity supplement after July 23, 2010, and that OPM had established the existence and amount of her overpayment for the period between July 1, 2011, and June 30, 2012.  IAF, Tab 16, Initial Decision (ID) at 4-5.  The administrative judge decided the appeal based on the written record.  ID at 1; IAF, Tab 12.

¶4          On review, the appellant argues that she was coerced into waiving her right to a hearing.  Petition for Review (PFR) File, Tab 1 at 3-4.  Because there was no hearing, she argues, the administrative judge improperly interpreted the governing statutes and regulations, and he did not consider the information she submitted.  *Id.*  She further argues that, because she did not have a hearing, she was unable to question OPM's representative because that person did not participate in the telephonic conferences with the administrative judge.  *Id.*  The appellant requests that the Board allow her to submit copies of the "laws, regulations, and OPM guidance pamphlets" that she believes explain her position, as well as her notes regarding the inaccurate statements that she believes the administrative judge made.  *Id.*

¶5          The appellant has not identified with specificity any factual or interpretive error, and our review of the initial decision shows that the administrative judge reached the correct result.  We would nevertheless clarify the basis upon which we may exercise jurisdiction over this appeal.

¶6      Citing 5 C.F.R. § 842.505(e), the administrative judge explained that the reduction in the appellant's FERS annuity supplement because of her excess earnings was not subject to Board review under the due process procedures described in 5 U.S.C. § 8461(e). ID at 3-4. The administrative judge stated that he would review the appeal based on the Board's jurisdiction over appeals from final OPM decisions that affect individuals' rights and interests under FERS. ID at 1; 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 845.204(c)(2). In some appeals brought on that basis, however, the Board has found that it lacked jurisdiction because the overpayment was related to a nonappealable matter. *See, e.g.*, *Campbell v. Office of Personnel Management*, 90 M.S.P.R. 68, ¶¶ 9-10 (2001) (finding that the Board lacked jurisdiction over the appeal because an overpayment resulted from a change in the terms of the appellant's life insurance coverage); *Mitchell v. Office of Personnel Management*, 25 M.S.P.R. 186, 189 (1984) (explaining that the Board lacked jurisdiction to review whether OPM correctly determined that an annuity overpayment occurred when the overpayment resulted from a change in the appellant's health insurance coverage and premiums). In contrast, the Board found in *Miller v. Office of Personnel Management*, 99 M.S.P.R. 104, ¶¶ 10-13 (2005), *aff'd*, 449 F.3d 1374 (Fed. Cir. 2006), another appeal related to changes in an appellant's life insurance coverage, that it would consider matters related to the computation of the appellant's retirement annuity and to her waiver request. Here, the appellant raised issues related to the computation of her annuity supplement. IAF, Tab 14 at 3-4, Tab 15 at 3-4. Additionally, she requested a waiver when her case was before OPM, and OPM decided that she was not entitled to one. IAF, Tab 9 at 7-8, 21-22. Only these issues fall within the Board's jurisdiction.

¶7      As for the computation of the appellant's annuity supplement, she argued OPM improperly started her annuity supplement during 2010 while she was still a reemployed annuitant. IAF, Tab 14 at 3-4, Tab 15 at 3-4. She contended that she first qualified for the annuity supplement in January 2011, a few weeks after she

left her reemployed annuitant position. IAF, Tab 15 at 3. The appellant, however, was entitled to an annuity supplement in 2010 under 5 U.S.C. § 8421(a)(2). The statute states in pertinent part that individuals who retire pursuant to section 8414(b) are entitled to such a supplement after they attain minimum retirement age. The appellant attained the minimum retirement age of 56 on July 23, 2010. IAF, Tab 9 at 42. The administrative judge thus properly found that she was entitled to an annuity supplement between July 23 and December 31, 2010. ID at 4-5.

¶8      As for whether OPM might waive recovery of the overpayment, recovery may be waived if the individual is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8470(b); 5 C.F.R. § 845.301. When recovery of an overpayment would cause financial hardship, it is against equity and good conscience. 5 C.F.R. § 845.303(a). Here, the appellant did not claim financial hardship as for the overpayment or the repayment schedule, nor did she submit a Financial Resources Questionnaire or any other evidence that would indicate she needed substantially all of her income and liquid assets to meet her current ordinary and necessary living expenses and liabilities. OPM, in its reconsideration decision, concluded that she bore some fault for the existence of the overpayment and thus was not entitled to a waiver. IAF, Tab 9 at 7-8. We agree. The notice the appellant received when her annuity supplement started explains that her entitlement to such an annuity was subject to an earnings test and might decrease or even be reduced to $0 based on her earnings. *Id.* at 42; 5 C.F.R. § 845.302(b).

¶9      The appellant argues on review that the administrative judge improperly cited *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011), and *Levine v. Office of Personnel Management*, 72 M.S.P.R. 549, 551 (1996), because these cases do not pertain to the particular circumstances of her appeal. PFR File, Tab 1 at 5. The administrative judge, however, properly cited these cases for the general proposition that OPM bears the burden of proof in

overpayment appeals. ID at 3. As for the statutes and regulations upon which the appellant allegedly relied in arguing that OPM's decision was erroneous, the administrative judge explained in detail why certain statutes and regulations do not apply in her case. ID at 4. In any event, the appellant failed to frame her arguments on review with specificity and to cite particular statutes and regulations that she believes OPM and the administrative judge misconstrued.

¶10    Finally, the record does not show that the administrative judge coerced the appellant into waiving her right to a hearing. The appellant admits that she waived her right to a hearing after the administrative judge explained that a hearing was unnecessary because "this case doesn't have witnesses," i.e., there were no factual disputes, and resolution of the appeal was contingent upon the interpretation of the applicable statutes and regulations. PFR File, Tab 1 at 3. In the Order Setting Close of the Record, the administrative judge explained that the appellant asserted that her pleadings had adequately set forth her position, and she thus "voluntarily waived her right to a hearing." IAF, Tab 12 at 12. The appellant did not challenge the administrative judge's characterization or seek to withdraw her waiver in subsequent pleadings. IAF, Tabs 14-15. We thus conclude that her argument is thus unavailing. As a result, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.